UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **LAURO VINCENTE SUQUILANDA,** | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 26-10284-FDS |
| **DAVID WESLING, et al.,** | ) ) ) | |
| Respondents. | ) ) ) | |

## MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a non-citizen pending removal proceedings. Petitioner Lauro Vincente Suquilanda is an Ecuadorian national who entered the United States at some point in 2022 without inspection by immigration authorities.

On January 21, 2026, petitioner was arrested and taken into ICE custody, apparently pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b). He contends that his continued detention without an individualized bond hearing violates his procedural due-process right and is not authorized by statute.

To be clear, this Court is without the authority to determine whether petitioner should be removed from the United States; that is a matter for the immigration courts. Nonetheless, and for the reasons that follow, the Court agrees that petitioner is being detained without lawful authority, and therefore will order that he be granted a bond hearing before an immigration judge.

I.     **Background**

Lauro Vincente Suquilanda, an Ecuadorian national, entered the United States at some point during 2022 by crossing the southern border without inspection. (Pet. ¶ 1). ICE took Suquilanda into custody on January 21, 2026. (*Id.* ¶ 3). He is currently detained within the District of Massachusetts. (*Id.* ¶ 14).

The respondents are David Wesling, New England Field Office Director, U.S. Immigration and Customs Enforcement; Michael Krol, New England Special Agent in Charge, Homeland Security Investigations; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; and Kristi Noem, U.S. Secretary of Homeland Security; the Department of Homeland Security. (Pet. ¶¶ 9-12).

On January 23, 2026, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court. (Dkt. No. 3 at 2-3).

On January 30, 2026, respondents answered the petition. (Resp'ts' Resp., Dkt. No. 5). Respondents conceded that "the legal issues presented in this Petition are similar to those recently addressed by this Court in *De Andrade v. Moniz*," and that "[s]hould the Court follow its reasoning in *De Andrade*, it would reach the same result here." (*Id.* at 1).

II.    **Analysis**

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of many other courts across the country, *see Rodriguez v. Bostock*, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases), non-citizens who initially entered the United States without inspection but have resided in the country for a substantial period of time are subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b). Because petitioner has already entered and resides in the United States, he is not an "applicant seeking admission" under § 1225, and his detention

under that provision is therefore "in violation of the . . . laws . . . of the United States."  28 U.S.C. § 2241(c)(3).

Petitioner is a member of the class certified in *Guerrero Orellana v. Moniz*, because he is detained in Massachusetts; was not placed in expedited removal proceedings; was neither admitted nor paroled into the United States; is not subject to mandatory detention under § 1226(c); is not subject to post-final order detention under § 1231; and his most recent arrest did not occur at the border when he was arriving in the United States.  *See Guerrero Orellana v. Moniz*, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025).  It is unclear what precise effect the declaratory judgment in that case has on this action; respondent Moniz was also a respondent in *Guerrero Orellana*, so the judgment in that case very likely has collateral-estoppel effect here.  But the Court need not resolve that question for these purposes because it independently determines that petitioner's detention violates the INA.

Because petitioner can be held, if at all, only under § 1226(a), he is entitled to a hearing at which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk."  *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (explaining that federal regulation requires that § 1226(a) detainees "receive bond hearings at the outset of detention" (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).  Therefore, and because respondents have not offered another authority for petitioner's detention, the Court will grant the petition and order respondents to promptly provide petitioner with an individualized bond hearing pursuant to *Hernandez-Lara v. Lyons*.

### III. Conclusion and Order

  Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondents are hereby ORDERED to either release petitioner or provide him a constitutionally-adequate bond hearing pursuant to *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) no later than February 25, 2026.

**So Ordered.**

|  |  |
|---|---|
| | /s/ F. Dennis Saylor IV |
| | F. Dennis Saylor IV |
| Dated: February 18, 2026 | United States District Judge |